UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DONALD R. BRATTAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00505-JMS-MJD |
| | ) | |
| THOMAS G. GRAVERSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

Plaintiff Donald Brattain brought this lawsuit in state court to quiet title to a property in Brazil, Indiana ("the Property"). [Filing No. 1-1 at 3-6.] On November 1, 2017, Defendant United States Department of the Treasury ("United States") removed the matter to this Court. [Filing No. 1.] Now before the Court is the United States' Motion for Judgment on the Pleadings, [Filing No. 8], to which Mr. Brattain has not responded. The United States argues that while Mr. Brattain's lawsuit purports to be a quiet title action, it in effect seeks to extinguish the United States' lien on the Property. The United States argues that it is entitled to sovereign immunity from an action to extinguish its lien and therefore argues that it should be dismissed from this lawsuit. For the following reasons, the Court **GRANTS** the United States' Motion for Judgment on the Pleadings.

### I.
### LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the filing of the complaint and answer. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). In ruling on a motion for judgment on the pleadings, the Court may only consider the complaint, answer, and any documents attached thereto as exhibits. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998).

A motion for judgment on the pleadings under Rule 12(c) "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). To survive the motion, "a complaint must 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Factual allegations in the complaint are accepted as true, but allegations that are legal conclusions are insufficient to survive the motion. *Adams*, 742 F.3d at 728. In other words, to survive dismissal, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level." *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## II.
### BACKGROUND

On October 13, 2017, Mr. Brattain filed his Verified Complaint in Indiana state court, seeking to quiet title to the Property he acquired in a tax sale. [Filing No. 1-1 at 3-6.] According to Mr. Brattain's Complaint, the property was previously owned by one Thomas G. Graverson. [Filing No. 1-1 at 3.] Mr. Brattain alleged the following as to the United States' interest in the Property:

> United States Department of the Treasury has been named a defendant to assert any interest it may have in the real estate described above due to Federal Tax Lien against Thomas G. Graverson dated June 27, 2013 and recorded July 10, 2013 in Official Record 138, page 2057 in the amount of $210,014.27.

[Filing No. 1-1 at 5.] In its Answer, the United States admits that it holds an "interest in the property set forth in the plaintiff's complaint by virtue of a lien arising under the Internal Revenue laws in the total assessed amount of approximately $155,274.32, as of November 30, 2017, plus

2

interest and penalties from the date or dates of assessment, notices of which were filed with the county recorder on: July 10, 2013."

On November 1, 2017, the United States removed this matter to this Court under 28 U.S.C. § 1444, which permits the United States to remove actions under 28 U.S.C. § 2410 to quiet title to property on which the United States has a lien. [Filing No. 1.] On January 10, 2018, the United States filed its Motion for Judgment on the Pleadings. [Filing No. 8.] The time for Mr. Brattain to respond has expired, *see* S.D. Ind. L.R. 7-1(c)(2)(A), and the United States' Motion is therefore ripe for decision.

### III.
### DISCUSSION

The United States argues that Mr. Brattain's claim against it is barred by sovereign immunity. [Filing No. 9.] The United States argues that Mr. Brattain's lawsuit, despite its label as a quiet title action, actually seeks to extinguish the United States' tax lien on the Property. [Filing No. 9 at 3.] The United States argues that Mr. Brattain's Complaint alleges that the United States has a tax lien on the Property and does not purport to challenge the validity of the lien. [Filing No. 9 at 4.] The United States argues that it has not waived its sovereign immunity with regard to such claims and that the authority to extinguish a federal tax lien rests with the Secretary of the Treasury pursuant to 26 U.S.C. § 6325(b). [Filing No. 9 at 4-5.] Mr. Brattain did not respond to the United States' Motion.

The United States' arguments are well taken. Mr. Brattain's Complaint alleges that the United States holds a tax lien against the Property. [Filing No. 1-1 at 5.] Mr. Brattain's quiet title action is therefore an action to extinguish this lien. See *E.J. Friedman Co. v. United States*, 6 F.3d 1355, 1358 (9th Cir. 1993); *Genesis Air, LLC v. United States*, 2012 WL 529885, at *1 (N.D. Miss. 2012) (collecting cases). The Court must therefore discern whether the United States has waived

3

its sovereign immunity with respect to this type of lawsuit; "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

Congress has waived sovereign immunity under 28 U.S.C. § 2410(a) for actions to quiet title to property in which the United States has an interest. *E.J. Friedman Co.*, 6 F.3d at 1358. But, as multiple courts have concluded, "a quiet title action is not the appropriate vehicle to . . . extinguish [a] tax lien[]." *Genesis Air, LLC*, 2012 WL 529885, at *1 (citing *United States v. Morrison*, 247 F.2d 285, 291 (5th Cir. 1957)). Rather, in a separate provision specifically addressed to tax liens, Congress has granted the Secretary of the Treasury the discretionary authority to discharge liens under certain circumstances. *See* 26 U.S.C. § 6325(b); *E.J. Friedman Co.*, 6 F.3d at 1358. Actions to extinguish tax liens thus fall outside the purview of the § 2410 sovereign immunity waiver. *See E.J. Friedman Co.*, 6 F.3d at 1358; *Genesis Air*, 2012 WL 529885, at *1.

As noted above, Mr. Brattain's claim against the United States is properly characterized as one to extinguish the United States' tax lien. Such as a claim does not fall within the § 2410 sovereign immunity waiver, and Mr. Brattain has failed to identify any other basis for waiver. Therefore, the Court concludes that Mr. Brattain's claim against the United States must be dismissed as barred by sovereign immunity.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' Motion for Judgment on the Pleadings, [8], and **DISMISSES** Mr. Brattain's claim against the United States. The United States removed this matter under § 1444 on the basis of its lien on the Property. Now that Mr. Brattain's claim against the United States has been resolved, the Court declines to exercise

supplemental jurisdiction over Mr. Brattain's remaining claims, and no party has alleged or asserted any alternative basis for jurisdiction. Therefore, partial final judgment in favor of the United States and an order remanding the remainder of Mr. Brattain's claims to state court will issue separately.

Date: 3/9/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**